UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PETER E. SLIMAN,

        Plaintiff,

v.

BOISE CASCADE, L.L.C., a Limited Liability corporation,

        Defendant.

No. CV-06-320-LRS

**ORDER GRANTING MOTION FOR RECONSIDERATION**

**BEFORE THE COURT** is the Plaintiff's Motion For Reconsideration (Ct. Rec. 30). The motion is heard without oral argument.

## I. BACKGROUND

On November 1, 2007, this court entered an order (Ct. Rec. 28) which denied summary judgment on Plaintiff's disability discrimination claim under the Washington Law Against Discrimination (WLAD), RCW 49.60.180 et seq., but granted summary judgment on Plaintiff's claim for negligent infliction of emotional distress premised on an alleged breach of a duty to provide a safe place to work under the Washington Industrial Safety and Health Act (WISHA), RCW 49.17.060.

Plaintiff now moves for reconsideration of the judgment granted to Defendant on the negligent infliction of emotional distress claim.

**ORDER GRANTING MOTION FOR RECONSIDERATION-**        **1**

## II. RECONSIDERATION STANDARD

" '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence").  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling.  *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.

## III. DISCUSSION

Plaintiff contends the court's ruling on the negligent infliction of emotional distress claim is incorrect for three reasons: (1) it misapprehends the scope of the employer's duty to provide a safe place to work; (2) it misconstrues the Washington Supreme Court's decision in *Snyder v. Medical Service Corp.*, 145 Wn.2d 233, 35 P.3d 1158 (2001); and (3) it ignores controlling state supreme court authority holding that negligence claims against employers are not barred by the Industrial Insurance Act (IIA) if the IIA provides no remedy for the injury at issue.  Upon further review of the case law, the court believes it did commit a clear legal error which requires rectification.

WISHA is a codification of the common law duty requiring employers to provide employees a reasonably safe place to work.  *McCarthy v. Department of Soc. & Health Serv.*, 110 Wn.2d 812, 818, 759 P.2d 351 (1988).  WISHA, specifically RCW 49.17.010, "by referring in broad terms to the protection of the workplace health and safety of every citizen of this state, shows a legislative intent

to set forth a clear mandate of public policy." *Smith v. State Employment Security Department*, 100 Wn.App. 561, 568, 997 P.2d 1013 (2000).

To establish an actionable claim for negligent infliction of emotional distress in the workplace, a plaintiff must show: (1) that the IIA does not cover his injury; (2) the employer's underlying acts were not part of a workplace dispute or employee discipline; (3) the employer's negligence injured him; and (4) emotional injury was the dominant feature of the negligence claim. *Snyder,* 145 Wn.2d at 244, *affirming Snyder v. Med. Serv. Corp.*, 98 Wn.App. 315, 988 P.2d 1023 (1999); *Chea v. Men's Wearhouse, Inc.*, 85 Wn.App. 405, 412-13, 932 P.2d 1261 (1997).

Plaintiff is correct in pointing out that emotional damage is exempt from the exclusive provisions of the IIA. *Wheeler v. Catholic Archdiocese of Seattle*, 65 Wn.App. 552, 565, 829 P.2d 196 (1992), *reversed on other grounds*, 124 Wn.2d 634 (1994). *See also* RCW 51.08.142 and WAC 296-14-300. Plaintiff is also correct in contending per *Snyder* that while a duty to avoid the inadvertent infliction of emotional distress does not exist with regard to emotional distress arising from a workplace dispute or employee discipline, such a duty generally exists with regard to other aspects of employment. *See Snyder*, 145 Wn.2d at 244 ("[A]bsent a statutory or public policy mandate, employers do not owe employees a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when responding to **workplace disputes**"). (Emphasis added).

Plaintiff contends that his negligent infliction of emotional distress claim has nothing to do with a workplace dispute or employee discipline. Although that appears to be the case, the court will withhold determination of the same so as to allow the Defendant an opportunity to dispute this if it wishes to do so. This issue has not previously been argued by the parties.

///

///

**ORDER GRANTING MOTION**
**FOR RECONSIDERATION-**                3

## IV. CONCLUSION

Plaintiff's Motion For Reconsideration (Ct. Rec. 30) is **GRANTED** for the reason that the court committed a clear legal error in granting summary judgment on Plaintiff's negligent infliction of emotional distress claim. The legal analysis for granting summary judgment was flawed because upon further review, it is apparent the IIA does not bar Plaintiff's negligent infliction of emotional distress claim, nor does *Snyder* bar all such claims arising out of the workplace.[1]

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies of it to counsel of record.

**DATED** this   10th   day of December, 2007.

*s/Lonny R. Suko*
LONNY R. SUKO
United States District Judge

---

[1] It is noted that on November 28, Defendant filed a "Supplemental Motion For Summary Judgment" (Ct. Rec. 34) which asks the court to grant summary judgment on Plaintiff's WLAD claim on the basis that Plaintiff could not perform the "essential functions" of his job as a maintenance superintendent with or without reasonable accommodation. The motion is currently noted for hearing without oral argument on December 28. With the reinstatement of the negligent infliction of emotional distress claim, the court notes that another issue the parties should address is whether the same facts support both the emotional distress claim and the disability discrimination claim. "An employee may recover damages for emotional distress in an employment context, **but only if the factual basis for the claim is distinct from the factual basis for the discrimination claim**." *Haubry v. Snow*, 106 Wn.App. 666, 31 P.3d 1186 (2001).