UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER E. SLIMAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BOISE CASCADE, L.L.C.,<br>a Limited Liability corporation,<br><br>　　　　　　　Defendant. | No. CV-06-320-LRS<br><br>**ORDER DENYING "SUPPLEMENTAL" MOTION FOR SUMMARY JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** is the Defendant's "Supplemental" Motion For Summary Judgment (Ct. Rec. 34) and the Plaintiff's Motion To Strike Affidavit Of William Schroeder (Ct. Rec. 47). These motions are heard without oral argument.

**I. BACKGROUND**

This case was removed to this court from Stevens County Superior Court based on diversity jurisdiction. Plaintiff Peter E. Sliman asserts a claim under the Washington Law Against Discrimination (WLAD), RCW 49.60.180 et seq., and a claim for negligent infliction of emotional distress premised on an alleged breach of a duty to provide a safe place to work under the Washington Industrial Safety and Health Act (WISHA), RCW 49.17.060.

On November 1, 2007, this court filed an "Order Granting Motion For

ORDER DENYING "SUPPLEMENTAL"
MOTION FOR SUMMARY JUDGMENT-    1

Summary Judgment, In Part" (Ct. Rec. 28) which awarded summary judgment to Defendant on Plaintiff's WISHA claim, but denied summary judgment to Defendant on the Plaintiff's WLAD claim.  In that order at pages 7-9, this court stated:

> Plaintiff alleges that the demands of his job as a maintenance superintendent made it impossible to comply with the four hour per day restriction that Dr. Shannon imposed on him in August 2004.  Plaintiff says he asked for additional support and assistance, but Defendant failed to provide the same.  Even when Dr. Shannon decreased the restriction to eight hours per day in September 2004, Plaintiff claims he still could not comply with the demands of the job.  He claims he again asked for support and assistance, but that Defendant failed to provide the same.  Plaintiff asserts that in October 2004, when Defendant's regional engineer, Mike Hulst, resigned from the position, Defendant sought to increase Plaintiff's work responsibilities by asking him to assume some of the duties of the vacated regional engineer position.
>
> Defendant contends that by telling the Plaintiff he should comply with his doctor's restriction on the number of hours to be worked per day, it "reasonably accommodated" the Plaintiff and cannot be held responsible for Plaintiff's failure to accept the accommodation.  While this argument has some logical appeal, the difficulty is that, by Defendant's own admission, it is not based on an analysis of what comprised the "essential functions" of Plaintiff's "existing position" as a maintenance superintendent.  If the Plaintiff could not perform the "essential functions" of his job with an eight hour restriction, it seems the Defendant was not even obligated to offer that restriction as an accommodation.  Yet, the Defendant offered the accommodation, perhaps indicating a willingness to suspend or even eliminate certain "essential functions" of Plaintiff's position.   Plaintiff contends and has testified that Defendant's intentions were not so good and that in fact, shortly after telling Plaintiff to comply with the eight hour restriction, Defendant asked Plaintiff to perform additional duties created by the vacancy in the regional engineer position, thereby making the eight hour restriction even more unreasonable.  In other words, the inference is that by not giving him the assistance he requested and imposing additional duties upon him, the Defendant set the Plaintiff up for failure in order to force him out of his position.  In essence, Plaintiff's argument is that the Defendant said one thing ("limit yourself to eight hours"), but meant another and expected the Plaintiff to still perform all of the duties of maintenance superintendent, "essential" and "non-essential" functions, plus some of the duties of the vacant regional engineer position.
>
> Generally, whether an employer breached its duty of reasonable accommodation is a question of fact for jury determination.  <u>Pulcino v. Federal Express Co.</u>, 141 Wn.2d 629, 644, 9 P.3d 787 (2000). At this juncture, the court concludes there is a genuine issue of material fact whether Defendant's apparent willingness to abide by the eight hour restriction was truly a "reasonable" accommodation. **It must be**

**ORDER DENYING "SUPPLEMENTAL"**
**MOTION FOR SUMMARY JUDGMENT-    2**

**emphasized, however, that at a later juncture, after a determination of the "essential functions" of Plaintiff's existing position as a maintenance superintendent, it may yet be appropriate to determine as a matter of law that Defendant's offer to abide by the eight hour restriction was a "reasonable" accommodation, indeed perhaps even an accommodation it was not legally obligated to offer (and should not be penalized for having offered), if Plaintiff was not able to perform the "essential functions" of maintenance superintendent in an eight hour day.** The court notes it is Plaintiff's burden to show he could perform the "essential functions" of his existing position as maintenance superintendent with "reasonable" accommodation. Bass v. City of Tacoma, 90 Wn.App. 681, 688, 953 P.2d 129 (1998), *as amended*, 976 P.2d 1248, *review denied*, 137 Wn.2d 1005, 972 P.2d 466 (1999).

(Emphasis added).

Seizing upon this language, Defendant now asks the court to grant it summary judgment on the basis that because of his disability, the Plaintiff could not perform the "essential functions" of the maintenance superintendent position with or without reasonable accommodation.

On December 10, 2007, the court entered an "Order Granting Motion For Reconsideration" (Ct. Rec. 46) in which it vacated the summary judgment it had granted to the Defendant on Plaintiff's negligent infliction of emotional distress claim. In doing so, however, the court noted that "[a]n employee may recover damages for emotional distress in an employment context, **but only if the factual basis for the claim is distinct from the factual basis for the discrimination claim**." Haubry v. Snow, 106 Wn.App. 666, 678, 31, P. 1186 (2001)(emphasis added). Defendant contends that since no such distinct factual basis exists in this case between Plaintiff's disability discrimination and negligent infliction of emotional distress claims, the court should grant summary judgment to Defendant on the emotional distress claim, even if it continues to decline granting summary judgment on the discrimination claim.

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there

**ORDER DENYING "SUPPLEMENTAL"
MOTION FOR SUMMARY JUDGMENT- 3**

is no dispute as to the facts before the court. Zweig v. Hearst Corp., 521 F.2d 1129 (9th Cir.), cert. denied, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Id. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the non-movant. Matsushita, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. Celotex, 477 U.S. at 322-23.

### III. DISCUSSION

#### A. Disability Discrimination

Having reviewed the additional evidence that Defendant has submitted in conjunction with its "supplemental" motion for summary judgment (the declarations by Clyde "Corkie" Palmer and Ricky Charbonneau, and the affidavit

**ORDER DENYING "SUPPLEMENTAL"
MOTION FOR SUMMARY JUDGMENT-    4**

of William J. Schroeder[1]), and viewing all inferences from the underlying facts in favor of the Plaintiff, the court concludes there remains a genuine issue of material fact as to exactly what functions of the maintenance superintendent position were "essential" and which were not. The evidence supplied by Defendant does not offer the precise delineation necessary to make that determination and it appears that only through the process of testimony at trial subject to cross-examination will such a delineation be possible.[2] Without a precise delineation between "essential" functions and "non-essential" functions, the court cannot rule at this time, as a matter of law, whether the eight hour a day limitation offered by the Defendant (40 hour work week) was a "reasonable" accommodation. At this juncture, a reasonable inference can be drawn that Plaintiff was being asked to perform more than just "essential functions" in an eight hour workday and for that reason, the eight hour restriction was not a "reasonable" accommodation. In other words, the eight hour workday restriction was a "reasonable" accommodation if all the Plaintiff was asked to do was to perform "essential" functions within that time

---

[1] Plaintiff has moved to strike Schroeder's affidavit on the basis that it constitutes inadmissible hearsay. Plaintiff also asserts the job description attached to the affidavit is not properly authenticated by any management or human resource employee of the Defendant. The deficiency with regard to proper authentication is remedied by the "Affidavit of William J. Schroeder In Response To The Motion To Strike" (Ct. Rec. 53) to which is appended the relevant portion of the deposition of Lori Johanson-Fogle. The aforementioned job description exhibit was introduced as Exhibit 1 at her deposition. Furthermore, the job description is a record kept in the normal course of Defendant's business and therefore qualifies for the business records exception to the hearsay rule. Fed. R. Evid. 803(6).

[2] That does not necessarily mean there will be a jury determination, as it is possible a judgment as a matter of law during the course of trial will be warranted. Fed. R. Civ. P. 50(a).

**ORDER DENYING "SUPPLEMENTAL"
MOTION FOR SUMMARY JUDGMENT-    5**

period and said restriction allowed him to perform those "essential" functions within that time period.

Having concluded there remains a genuine issue of material fact with regard to what functions of the maintenance superintendent position were "essential" and which were not, it is not necessary at this juncture to determine the relevancy of the current maintenance superintendent having a scheduler/planner, or the relevancy of whether the Plaintiff was offered a short-term position as a regional engineer and whether he was "qualified" to perform that job. The court will reserve those determinations until the time of trial.[3]

**B.  Negligent Infliction Of Emotional Distress**

Based upon the evidence submitted at trial, the court will determine whether this claim is factually distinct from the disability discrimination claim so as to allow both claims to be considered by the jury and for the jury to potentially award separate damages as to each claim.

---

[3] The court recognizes that if providing a scheduler/planner to assist the Plaintiff would have amounted to an elimination and reallocation of some of Plaintiff's "essential" functions as a maintenance superintendent, that would likely not be a "reasonable" accommodation under the law. Nor would creating a new position for the Plaintiff or offering him a job for which he is not qualified constitute "reasonable" accommodations. An employer is not required to reassign the employee to a position that is already filled, to create a new position, to alter the fundamental nature of the job, or eliminate or reassign essential job functions. MacSuga v. County of Spokane, 97 Wn.App. 435, 442, 983 P.2d 1167 (1999). "If the only successful accommodation is to eliminate essential functions, then the employee cannot perform the essential functions of the job with reasonable accommodation." Id. at 443. An employer need only consider the employee for and move him into openings for which he is qualified. Griffith v. Boise Cascade, Inc., 111 Wn.App. 436, 442, 45 P.3d 589 (2002).

**ORDER DENYING "SUPPLEMENTAL"
MOTION FOR SUMMARY JUDGMENT-    6**

## IV. CONCLUSION

For the reasons set forth above, Defendant's "Supplemental" Motion For Summary Judgment (Ct. Rec. 34) is **DENIED** and Plaintiff's Motion To Strike Affidavit Of William Schroeder (Ct. Rec. 47) is **DENIED**. Recognizing the discovery deadline has passed, the Plaintiff is **GRANTED** leave to depose Ricky Charbonneau.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies of it to counsel of record.

**DATED** this ___22nd___ day of January, 2008.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge